```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
FRANCISCO RODRIGUEZ, JR.,    :   HONORABLE JOSEPH E. IRENAS
                             :   Civ. Action No. 12-2652 (JEI/AMD)
          Plaintiff,         :
                             :            OPINION
     v.                      :
                             :
                             :
CITY OF CAMDEN, ET AL.,      :
                             :
          Defendants.        :
                             :
```

HILL AND ASSOCIATES, P.C.
By: Anthony Lopresti, Esq.
    Leonard K. Hill, Esq.
123 South Broad Street, Suite 1100
Philadelphia, Pennsylvania 19109
          Counsel for Plaintiff

OFFICE OF THE CITY ATTORNEY
By: Joseph Fernando Marin, Esq.
520 Market Street, Suite 419
P.O. Box 95120
Camden, New Jersey 08101
          Counsel for Defendants


**IRENAS**, Senior District Judge:

This suit arises out of Plaintiff Francisco Rodriguez's arrest by the City of Camden Police Department on May 4, 2010. Plaintiff principally alleges that the arresting officers used excessive force to effectuate his arrest. Defendants, City of Camden and City of Camden Police Department move to dismiss the claims asserted against them. For the reasons stated herein, the Motion will be granted in part and denied as moot in part.

I.

The Complaint alleges the following facts. On May 4, 2010, Plaintiff was driving his vehicle in Camden, New Jersey. (Compl. ¶ 16) Shortly after having been involved in a car accident, Plaintiff pulled his vehicle off to the side of the road, so that traffic would be able to pass him. (Id. ¶¶ 17-18) Then, Defendant Officer Kelly #1093 ("Officer Kelly") of the City of Camden Police Department ("Police Department") and other unnamed officers approached the scene and directed Plaintiff to exit his vehicle. (Id. ¶¶ 19-20) "Before Plaintiff had an opportunity to comply with the commands," Officer Kelly forcibly pulled Plaintiff out of his vehicle and threw him to the ground. (Id. ¶ 21) While Plaintiff was lying on the ground, Officer Kelly punched and attempted to strangle him. (Id. ¶¶ 22-23) "At no time did [Plaintiff] ever attack, strike, or otherwise assault" any of the police officers. (Id. ¶ 24)

Thereafter, Plaintiff was transported to the hospital where he was treated for multiple injuries resulting from the assault. (Id. ¶ 25-26)

On May 3, 2012, Plaintiff filed suit against the City of Camden ("City"), the Police Department, Officer Kelly, and several unnamed police officers. Plaintiff's Complaint asserts several federal constitutional claims based on Officer Kelly's alleged use of excessive force. (Compl. Counts 1-3) It also

contains a *Monell*[1] claim against the City and Police Department alleging that it was their policy, practice, or custom for their police officers to use excessive force and that they failed to properly train and supervise the officers. (Count 4) Finally, the Complaint asserts state law tort claims against the individual police officers for assault and battery, and intentional infliction of emotional distress. (Counts 5 and 7[2])

After filing an answer on June 1, 2012, Defendants City and its Police Department now move to dismiss several of the claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II.

Because Defendants already filed an answer, Defendants' Motion is considered a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). A Rule 12(b)(6) motion to dismiss a complaint "must be filed before any responsive pleading." *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). "Nevertheless, Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." *Id.* A Rule 12(c) Motion for Judgment on the Pleadings is subject to the

---

[1] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978).

[2] Plaintiff omitted Count 6.

3

same standard of review as a Rule 12(b)(6) Motion to Dismiss. *Id.  See also Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004); *Collins v. F.B.I.*, 2011 WL 1624025, at *4 (D.N.J. April 28, 2011).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible.  *Phillips*, 515 F.3d at 234.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).

### III.

Defendants argue that Plaintiff's *Monell* claim fails as a matter of law and that the state law tort claims fail for lack of notice pursuant to the New Jersey Tort Claims Act.[3]

The Court addresses each argument in turn.

### A.

Defendants argue that Complaint does not adequately plead facts supporting the § 1983 *Monell* claim. The Court agrees.

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law

---

[3] In light of the disposition of the Motion, the Court does not reach Defendants' alternative argument concerning qualified immunity pursuant to N.J.S.A. § 59:3-3. However, the Court notes that no state statute can provide a qualified immunity defense to a federal cause of action pursuant to 28 U.S.C. § 1983.
  Moreover, even under federal law, qualified immunity applies to individual government officials, not municipalities. *See generally Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982) ("government officials are entitled to some form of immunity from suits for damages. As recognized at common law, public officers require this protection to shield them from undue interference with their duties and from potentially disabling threats of liability.").

5

42 U.S.C. § 1983.

In cases arising under § 1983, "a municipality cannot be held liable . . . on a *respondeat superior* theory." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978). Instead, municipalities are only held responsible "for their own illegal acts." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Courts have created a "two-path track to municipal liability . . . depending on whether the allegation is based on municipal policy or custom." *Mulholland v. Gov't Cnty. of Berks*, — F.3d —, No. 12-2075, 2013 WL 310209 *6 (3d Cir. Jan. 28, 2013)(quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)).

The Third Circuit described the two types of liability as follows:

> First, policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well-settled" as to virtually constitute law.

*Id.* (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)).

Municipalities are not liable for acts of police officers unless a municipal policy or custom amounts to a "deliberate

indifference to the rights of people with whom the police come into contact." *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004)(citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Deliberate indifference means that "'a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." *Harris*, 489 U.S. at 389 (quoting *Pembaur*, 475 U.S. at 483–84 (1986) (plurality) (Brennan, J.)). Thus, a municipality's inadequate training or supervision does not give rise to liability unless city policymakers are "on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights . . . [and they] choose to retain that program." *Connick*, 131 S. Ct. at 1360. Similarly, widespread behavior by police officers does not amount to a municipal custom unless there is "knowledge and acquiescence by the decisionmaker." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009)(citing *Watson v. Abington Tp.*, 478 F.3d 144, 156 (3d Cir. 2007))(further citation omitted). Finally, the plaintiff must also show that the alleged policy or custom was the proximate cause of the injuries suffered. *Watson*, 478 F.3d at 156 (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)(further citation omitted)).

In the instant case, Plaintiff only alleges in conclusory fashion that: (1) Defendants had a policy not to properly train

7

and supervise its officers; (2) Defendants had a policy that police officers should use excessive force; and (3) it was Defendants' custom for police officers to use excessive force. Plaintiff's only factual support for his claims is the single event of his arrest on May 4, 2010. Indeed, the Complaint's "Factual Allegations" section contains no factual allegations whatsoever concerning the City of Camden or the Police Department. No reasonable factfinder could plausibly infer a pattern or practice of excessive force from a single incident, occurring on a single day, involving a single police officer. "A single incident by a lower level employee acting under color of law . . . does not suffice to establish either an official policy or a custom." *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989).

Furthermore, Plaintiff fails to identify any municipal decisionmaker who adopted the alleged policies or knowingly acquiesced to the use of excessive force. Thus, Plaintiff does not allege that any decisionmaker was "deliberately indifferent" to Plaintiff's constitutional rights. Absent such factual allegations, no reasonable factfinder could plausibly infer that Officer Kelly's conduct resulted from any municipal policy or custom.

Accordingly, the *Monell* claim will be dismissed; however the dismissal will be without prejudice. Plaintiff will be granted

8

leave to move to amend his Complaint.

**B.**

Lastly, Defendants move to dismiss Plaintiff's state law tort claims (assault and battery and intentional infliction of emotional distress), but those claims were only brought against Officer Kelly and several other unnamed police officers individually.  (Compl. ¶¶ 5-7)  They were not asserted against the City or the Police Department.

Defendants cannot move to dismiss claims that were not brought against them.  Accordingly, the Motion will be denied as moot.

**IV.**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings will be granted in part and denied as moot in part.  Specifically, the Motion will be granted as to the *Monell* claim and denied as moot as to the state law tort claims.  An appropriate Order accompanies this Opinion.

Date: February 11, 2013              s/ Joseph E. Irenas                               
                                                     **JOSEPH E. IRENAS, S.U.S.D.J.**